UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DIONE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1860 (ABJ) |
| | ) | |
| SOTERA DEFENSE | ) | |
| SOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Dione Thomas brings this action against Sotera Defense Solutions, Inc. ("Sotera") and Verizon Federal, Inc. ("Verizon") for discrimination and retaliation on the basis of her gender and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the District of Columbia Human Rights Act ("DCHRA"). Compl. [Dkt. # 1]. Defendant Verizon has filed a motion to dismiss, or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Virginia. Def. Verizon Fed., Inc.'s Am. Mot. to Dismiss, or, in the Alt., to Transfer Venue to the E. Dist. of Va. at 1 [Dkt. # 8] ("Defs.' Mot.").[1] Defendant Sotera has joined this motion. Def. Sotera Def. Solutions, Inc.'s Resp. to Def. Verizon Fed., Inc.'s Am. Mot. to Dismiss or, in the Alt., to Transfer Venue to the E. Dist. of Va. at 1 [Dkt. # 11]. Since the District of Columbia is not the proper venue for this action, the Court will grant defendants' motion in part by transferring the case to the United States District Court for the Eastern District of Virginia and by dismissing the claims plaintiff brought under the DCHRA.

---

1  Verizon filed its original motion on February 3, 2014, [Dkt. # 7] and amended it on February 4, 2014, by withdrawing one argument. *See* Defs.' Mot. at 1.

## BACKGROUND

Plaintiff states that she is an African American woman who resides in the District of Columbia. Compl. ¶¶ 10, 13. She has been employed by defendant Sotera since 2005. *Id.* ¶ 23. According to defendants, Sotera is party to a sub-contract with Federal Network Systems, LLC ("FNS"), a limited liability company owned by Verizon. Mem. in Supp. of Def. Verizon Fed., Inc.'s Mot. to Dismiss or, in the Alt., to Transfer Venue to the E. Dist. of Va. at 2 [Dkt. # 7-1] ("Defs.' Mem."). The United States government contracted with FNS to "provide certain services on a classified project," and Sotera is a subcontractor that provides services and staffing for this project – referred to as the "Secret Project" – at a facility in an undisclosed location in Virginia. *Id.* Both Sotera and Verizon are headquartered in Virginia. Compl. ¶¶ 11–12. Defendants assert that plaintiff works on the Secret Project, Defs.' Mem. at 2, which plaintiff does not dispute.

Plaintiff alleges that Verizon has discriminatorily passed her over for numerous promotions for which she was qualified, and that in each instance, a man – usually a white man, and usually a less qualified man – was promoted instead. Compl. ¶¶ 31, 41, 58–59, 76–77, 109–110. She further claims that Sotera, her direct employer, "acquiesced in, and ratified" each of Verizon's discriminatory personnel decisions. *Id.* ¶¶ 34, 42, 63, 78, 100, 111. In addition, plaintiff alleges that on one occasion, she was promoted and then quickly demoted allegedly because she had skipped a level in the employment hierarchy, even though several white males had been permitted to skip levels. *Id.* ¶¶ 48–51. Finally, plaintiff contends that defendants retaliated against her for repeatedly complaining about their failure to promote her, including by demoting her a second time, and by refusing to permit her to apply for a promotion. *Id.* ¶¶ 131, 159, 181, 209.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 23, 2013, Ex. 1 to Defs.' Mot. at 1 [Dkt. # 7-2], which she amended on May 17, 2013. Ex. 2 to Pl.'s Mem. of P. & A. in Supp. of Her Opp. to Sotera Def. Solution's Resp. to Verizon's Am. Mot. to Dismiss or, in the Alt., to Transfer Venue at 1 [Dkt. # 14-2]. Plaintiff received notice of her right to sue defendants from the EEOC on July 31, 2013, Ex. 2 to Defs.' Mot. at 1 [Dkt. # 7-3], and filed her complaint in this Court on November 25, 2013. Compl. at 1.

Defendants ask the Court to dismiss or to transfer the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) (2013), arguing that venue is not proper in the District of Columbia under Title VII. *See* Defs.' Mem. at 8–10. They further contend that the Court should dismiss Counts III, IV, VII, and VIII of the complaint, which assert violations of District of Columbia law, for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.* at 14–16. Finally, defendants move to dismiss plaintiff's claims for discrimination and retaliation that are based on events in 2009 and 2011 on the grounds that those claims are time-barred.[2] *Id.* at 20–23.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rules 12(b)(1) or 12(b)(3), "the court accepts the plaintiff's well-pled factual allegations . . . as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008), citing *Darby v. U.S. Dep't of*

---

[2] In its reply brief, Verizon withdrew an additional argument – that plaintiff's race discrimination claims were outside the scope of her EEOC charge – stating that it was previously unaware that plaintiff had amended the charge to include those claims. Verizon Fed.'s Mem. in Reply to Pl. Dione Thomas's Opp. at 10 [Dkt. # 15]. Sotera has expressed no view on the withdrawal of this argument, but the Court will treat it as withdrawn by both defendants and will not address it here.

3

*Energy*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

### I. Improper Venue

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). A court assessing a motion under Rule 12(b)(3) may consider material outside of the pleadings. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002), citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire, by affidavits or otherwise, into the facts as they exist."). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011). If a court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### II. Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-

matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

**I.     The District of Columbia is not the proper venue for plaintiff's claims.**

All parties appear to agree that the venue provisions of Title VII apply to this case. *See* Defs.' Mem. at 7–8; Pl.'s Mem. of P. & A. in Supp. of Her Opp. to Verizon's Mot. to Dismiss or, in the Alt., to Transfer Venue at 4–6 [Dkt. # 13] ("Pl.'s Opp."). The statute specifies that a Title VII action may properly be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Plaintiff does not dispute that the alleged unlawful employment practices all occurred in Virginia, that all relevant employment records are located in Virginia, or that the defendants' principal offices are located in Virginia. Rather, she contends in her

5

opposition to the motion to dismiss that she "would have" worked in the District, even though all of the positions that she held or sought to hold were based in Virginia. Pl.'s Opp. at 2–3, 5. Specifically, she claims that the various positions she was denied, while based in Virginia, would have involved working in the District for as much as "one to two weeks, or more, at a time . . . with some frequency" and that they would have entailed phone conversations with clients in the District "on at least a weekly, if not daily, basis." *Id.* at 3.

These arguments do not support venue in the District of Columbia. First, the complaint is entirely devoid of any reference to work plaintiff might have performed in the District, as plaintiff expressly acknowledges in her opposition brief.[3] *Id.* at 3 n.2 (stating that the claim that plaintiff would have worked in the District was "not included in her original Complaint"). And, "'[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Klein v. Am. Land Title Ass'n*, 926 F. Supp. 2d 193, 201 (D.D.C. 2013), quoting *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007).

Moreover, plaintiff's belated assertion that she would have occasionally worked in the District is pure speculation, which the Court is not required to accept. *See Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C. 2012) (finding that the plaintiff, who had trained to be an FBI special agent, could not claim venue in the District when the only basis for it was the FBI's policy that new special agents could be assigned to an office anywhere in the United States); *Cole v. Boeing Co.*, 901 F. Supp. 2d 47, 52 (D.D.C. 2012) (explaining that the "would have worked" venue factor was "designed to address instances of discrimination in which the

---

3   In addition, plaintiff asks the Court to "(1) consider these additional facts in deciding Verizon's motion; and (2) if it determines that these additional facts support venue in this Court, permit Thomas to amend her complaint to include these additional facts." Pl.'s Opp. at 3 n.2. But this equivocal request in a footnote is not the proper procedure to amend a complaint. *See* Fed. R. Civ. P. 15. And even if these "additional facts" were properly before the Court, they would not be sufficient to defeat defendants' motion.

complainant is in a different district than the defending employer, such as an applicant for a job"). And plaintiff's new factual allegations do not rise to the level of those involved in the caselaw that she cites. *See* Pl.'s Opp. at 5, citing *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 9 (D.D.C. 2003) (holding plaintiff had established venue in the District where the position she was denied was actually located in the District); *Johnson v. Wash. Gas Light Co.*, 89 F. Supp. 2d 45, 47 (D.D.C. 2000) (holding plaintiff had established venue in the District where he could have been "assigned to an office" in the District and "the record establishe[d] that it [was] *likely*" plaintiff "would have been assigned to work in the District of Columbia at some point"). Therefore, plaintiff has failed to allege any fact that would make venue proper in the District of Columbia under Title VII and to rebut defendants' claim that it is not. The Court will grant defendants' motion and, in the interests of justice, transfer this case to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1406(a).

**II.     The DCHRA does not apply to plaintiff's claims.**

The District of Columbia Human Rights Act applies to a discrimination claim if: the challenged discriminatory decision was made in the District; the "effects" of that decision were felt in the District; or both. *Monteilh v. AFSCME, AFL-CIO*, 982 A.2d 301, 303–05 (D.C. 2009). Plaintiff does not argue that any discriminatory decisions were made in the District, but she contends in her opposition to the motion to dismiss that the "effects" of those decisions were felt in the District because she was denied the opportunity to work here. Pl.'s Opp. at 8. Again, there is no allegation in the complaint that plaintiff applied for and was denied a position located in the District. Since the assertion in her opposition is the sole basis for her claim that the DCHRA applies, the DCHRA counts must be dismissed for the same reasons that venue is improper under Title VII: the allegation that plaintiff would have worked in the District is pure

7

speculation and unsupported by the complaint. Therefore, the Court will grant defendant's motion to dismiss the Counts III, IV, VII, and VIII of the complaint for lack of subject matter jurisdiction.

**III. The Court declines to reach the issue of the timeliness of plaintiff's claims.**

Defendant urges the Court to dismiss plaintiff's claims that relate to employment decisions made in 2009 and 2011 under Rule 12(b)(6), arguing that these claims are time-barred under Title VII. Defs.' Mem. at 20–22. But consideration of these claims could involve the application of equitable principles that turn on the facts. As the Court has already determined that the District of Columbia is not the appropriate venue for this case, the Court will not go on to reach the 12(b)(6) motion.

## CONCLUSION

Plaintiff has failed to allege any fact that makes venue in the District of Columbia proper under Title VII; nor has she alleged any fact that would create subject matter jurisdiction under the DCHRA. Therefore, the Court will grant defendant's motion to dismiss plaintiff's DCHRA claims and, in the interests of justice, will transfer this case to the United States District Court for the Eastern District of Virginia. The Court declines to reach the issue of the timeliness of plaintiff's claims in an exercise of its discretion. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: May 15, 2014